PER CURIAM.
The defendant appeals an order summarily denying his 2007 amended motion *700 for post-conviction relief as impermissibly successive and time-barred. Because the amended motion was neither, we reverse.
The defendant was convicted of burglary of a conveyance with a battery and strong arm robbery. This court affirmed his conviction. In 2005, the defendant filed a motion for post-conviction relief. The trial court summarily denied relying upon the State’s response, which had argued that the motion was legally insufficient and could also be denied on its merits.
In 2007, the defendant filed the current amended motion for post-conviction relief raising the same issues. The court did not order a response from the State, but granted the defendant leave to amend and denied the amended motion. In doing so, the trial court stated that it had “most decidedly addressed the merits” of the defendant’s 2005 motion in its prior order. The trial court also found the 2007 amended motion to be time barred.
Unfortunately, the trial court erred in its conclusion that the 2007 amended motion was untimely. The direct appeal of case number 02-18813, to which the amended motion was directed, ended when this court affirmed the judgment, denied rehearing, and issued its mandate on August 5, 2005. See Nicot v. State, 905 So.2d 897 (Fla. 4th DCA 2005). The defendant filed his amended motion on July 16, 2007, within the requisite two years. The trial court mistakenly relied on the finality of a prior case (01-19888) belonging to the defendant to find the amended motion untimely.
The trial court also erred in finding the amended motion successive as to all claims. With regard to the defendant’s claim that defense counsel was ineffective in failing to call witnesses, the State had responded that the claim was legally insufficient because the defendant had failed to name the witnesses, state the substance of their testimony, indicate their availability, and why this failure constituted ineffective assistance of counsel. Without this information, it would have been impossible for the court to have ruled on the merits of this claim.
We therefore reverse and remand the case for attachment of record excerpts refuting the defendant’s claim concerning the failure to call witnesses or an evidentiary hearing. The other claims are either successive, were raised and disposed of on direct appeal, or were refuted by the State’s response.

Reversed and Remanded.

POLEN, HAZOURI and MAY, JJ., concur.